UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JESUS CORRALES,

                              Plaintiff,

    -against-

THE CITY OF NEW YORK, THE KINGS COUNTY
DISTRICT ATTORNEYS OFFICE, DETECTIVE
INVESTIGATORS "JOHN DOE" #1-5, Individually
and in their Official Capacity (the name John Doe being
fictitious, as the true names are presently unknown), and
KINGS COUNTY DISTRICT ATTORNEY EMPLOYEES
"JOHN DOE" #1-5, Individually and in their Official Capacity
(the name John Doe being fictitious, as the true names are
presently unknown),

                         Defendants.
-----------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL
DEMANDED**

**ECF CASE**

**15 CV 2797**

       Plaintiff JESUS CORRALES ("Plaintiff" or "Mr. Corrales") by and through his attorneys, COHEN & FITCH LLP, alleges against Defendants THE CITY OF NEW YORK ("NYC defendants"), THE KINGS COUNTY DISTRICT ATTORNEYS OFFICE ("Defendant KCDA"), DETECTIVE INVESTIGATORS "JOHN DOE" #1-5 ("Defendant DI Doe"),  KINGS COUNTY DISTRICT ATTORNEY EMPLOYEES "JOHN DOE" #1-5 ("Defendant KCDA Doe") (collectively "Defendants") as follows:

<u>**NATURE OF THE ACTION**</u>

       1.    To recover money damages for mental anguish, pain and suffering, monetary damages and related damages incurred by and on behalf of Mr. Corrales against the CITY OF NEW YORK (hereinafter "NYC"), its agents, servants, employees and/or licensees, THE KINGS COUNTY DISTRICT ATTORNEYS OFFICE (hereinafter

"KCDA"), its agents, servants, employees and/or licensees, DETECTIVE INVESTIGATORS "JOHN DOE" #1-5 (hereinafter "DI Doe"), KINGS COUNTY DISTRICT ATTORNEY EMPLOYEES "JOHN DOE" #1-5 (hereinafter "KCDA Doe") individually and in their official capacity for their violation 42 U.S.C. §1983 and 42 U.S.C. §1988, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; the New York State Human Rights Law, Executive Law § 290 *et seq.* ("Human Rights Law"); and the Administrative Code of the City of New York § 8-101 *et seq.* ("City Law").[1]

2.      Based upon the following acts and/or omissions, Defendants knowingly violated Mr. Corrales' rights under federal and state laws, and such actions were committed intentionally and/or willfully, with knowledge that Plaintiff would be economically injured:

          a)      Defendants' refusal to grant Mr. Corrales a reasonable accommodation for his disability, in violation of the Human Rights Law, and City Law; and

          b)      Defendants failed to engage in the interactive process to determine a reasonable accommodation; and

---

[1] Plaintiff has requested, but not yet received, a Notice of Right to Sue from the Equal Employment Opportunity Commission (hereinafter "EEOC"); as such, plaintiff cannot, at this time, proceed on his claims pursuant to Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12111 *et seq.*, as amended ("ADA"); Title V, Section 503 of the Act, 42 U.S.C. § 12203 as amended ("ADA"). Nonetheless, plaintiff has filed the instant complaint due to the Statute of Limitations of some of plaintiff's New York State Law claims, and fully intends to amend this complaint to include such claims upon receipt of said Notice from the EEOC.

c)       Defendants and other NYC/KCDA supervisors knowingly discriminated against claimant due to his medical disability, in violation of the Human Rights Law, and City Law.

d)       Defendants, other NYC/KCDA supervisors together with members of KCDA caused Mr. Corrales to be falsely arrested and detained in custody for several hours without probable cause before releasing him without prosecuting him for any crime or offense.

3.       Damages and other legal relief are sought pursuant to 42 U.S.C. §1983, 42 U.S.C. §1988, the Human Rights Law, City Law, and pendant state causes of action.

## <u>JURISDICTION AND VENUE</u>

4.       This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343 and 1367 as this action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

5.       Supplemental jurisdiction over Mr. Corrales' Human Rights Law, City Law, and pendant state claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

## <u>VENUE</u>

6.       Venue is properly laid in the Eastern District of New York under U.S.C. §1391(b), in that this is the District in which the claim arose.

## <u>JURY DEMAND</u>

7.       Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PROCEDURAL REQUIREMENTS

8.    Plaintiff filed a Charge of Discrimination (Charge No. 520-2014-01957) with the Equal Employment Opportunity Commission (EEOC) on June 16, 2014. As noted in FN1 *supra*, as of the date of this filing, plaintiff has not yet received a Notice of Right to Sue. As such, plaintiff has omitted his claims pursuant to Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12111 *et seq.*, as amended ("ADA"); Title V, Section 503 of the Act, 42 U.S.C. § 12203 as amended ("ADA") and will seek to amend this complaint to include such claims upon receipt of said Notice.

9.    Pursuant to §8-502 (c) of the City Law, Plaintiff served a copy of this Complaint on the City of New York Commission on Human Rights and on the City of New York Corporation Counsel.

10.    Pursuant to General Municipal Law § 50-h, Defendant THE CITY OF NEW YORK demanded a hearing and said hearing was held on August 7, 2014.

## PARTIES

### *Plaintiff*

11.    Mr. Corrales is a citizen of the United States and at all times relevant to this complaint a resident of the State of New York.

12.    At all times relevant to this complaint, Mr. Corrales was employed by the Kings County District Attorney's Office ("KCDA") as a Assistant District Attorney ("ADA") assigned to the Complaint Room (hereinafter "ECAB").

13.    Mr. Corrales was a "qualified individual with a disability" and as such was protected from discrimination on the basis of disability.

14.    Mr. Corrales was at all times an "individual" within the meaning of the

4

Human Rights Law, protected from discrimination on the basis of disability.

15.     Mr. Corrales was at all times a "person" within the meaning of the City Law, protected from discrimination on the basis of disability.

16.     Mr. Corrales was disabled within the meaning of the Human Rights Law, and City Law.

*Defendants*

17.     Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

18.     Defendant, THE CITY OF NEW YORK, maintains the KINGS COUNTY DISTRICT ATTORNEY'S OFFICE, a duly authorized public authority and/or prosecuting agency, authorized to perform all functions of a prosecuting agency as per the applicable sections of the New York State Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

19.     At all times hereinafter mentioned the defendants and their agents, servants, employees and/or licensees were employed by the KINGS COUNTY DISTRICT ATTORNEY'S OFFICE and were acting under the supervision of said department and according to their official duties.

20.     Defendant, THE CITY OF NEW YORK and the KINGS COUNTY DISTRICT ATTORNEY'S OFFICE, maintains KCDA Detective Investigators, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

5

21.     At all times hereinafter mentioned, the individually named defendants, DETECTIVE INVESTIGATORS "JOHN DOE" #1-5 were duly sworn officers/investigators and were acting under the supervision of the KCDA and according to their official duties.

22.     At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

23.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

24.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTUAL ALLEGATIONS

25.     Jesus Corrales is a disabled veteran and suffers from limited use of his left hand due to a gunshot wound he sustained during his service in the United States Armed Forces. As a result of this disability, the range of motion in plaintiff's left hand is severely and permanently compromised. In addition to Mr. Corrales' pre-existing gunshot wound, on or about March 9, 2014, he broke his pinky finger. As such, at all times relevant to this complaint, plaintiff's range of motion in his right hand was temporarily compromised.

26.     In August of 2011, plaintiff was hired by District Attorney Charles Hynes as an Assistant District Attorney for the Kings County District Attorney's Office. After

Mr. Hynes lost his bid for reelection, plaintiff was re-interviewed by the newly elected District Attorney, Kenneth Thompson, who specifically asked plaintiff about his disability during the interview. Although plaintiff felt uncomfortable about this line of questioning, he answered all inquiries about his disability despite his reservations.

27.     On February 27, 2014 plaintiff was sworn in as an Assistant District Attorney with the Kings County District Attorney Office.

28.     Beginning in March 2014, plaintiff was assigned to ECAB, which is the intake unit for new arrests that come into the office for prosecution. Plaintiff's main task was to prepare these new arrests for prosecution. Specifically, his duties included interviewing the arresting officer who made the arrest, gathering all the necessary arrest paperwork, drawing up the accusatory instrument, and preparing the KCDA file. These tasks required plaintiff to type up several documents, staple, make photo copies and organize the file in a particular manner required by the office. At all times during his employment, Mr. Corrales performed his duties adequately.

29.     Within a couple of weeks of starting his position in ECAB, Mr. Corrales was immediately chided by his KCDA supervisors for low productivity.  Specifically, he was told that he was not writing up cases fast enough and that he needed contribute more to the office. Plaintiff explained that because his range of motion in both hands was compromised – due to his permanent disability (the gun shot wound to his left hand) and his temporary disability (the broken pinky on his right hand) – he needed more time put files together.

30.     In response, plaintiff's supervisors began a campaign of disparate treatment and discrimination beginning on March 13, 2014 and continuing until plaintiff

was forced to tender his letter of resignation on March 28, 2014, because he could no longer support the hostile work environment.

31.     Further, despite plaintiff's repeated requests for a reasonable accommodation for his medical disability, his supervisor's refused to engage in an interactive process with him and never provided plaintiff any accommodation for his disability.

32.     As such, plaintiff's KCDA supervisors failed to provide plaintiff with adequate accommodations for his disability in violation of plaintiff's New York State and Federal Rights and knowingly discriminated/retaliated against him after he asked for a reasonable accommodation for his medical disability.

33.     On or about April 15, 2014, approximately three (3) detective investigators, defendants DI Doe #1-3, visited plaintiff's residence, an apartment building in Astoria, Queens and questioned plaintiffs neighbors and superintendent as to plaintiff's comings and goings and plaintiff's whereabouts. These detectives then informed plaintiff that they were there to ensure that plaintiff did not take legal action against the District Attorney's Office and that plaintiff not return to the premises of the District Attorney.

34.     On or about April 18, 2014, plaintiff appeared in Brooklyn Criminal Court located at 120 Schermerhorn Street Brooklyn, NY 11201 to meet an acquaintance about a job opportunity. As he sat in the court room – which was open to the public – plaintiff was approached by court officers, at the direction of defendant detective investigators, who eventually escorted him to a secluded location in the court house against his will.

35.     Plaintiff was then detained by defendant KCDA detective investigators, without his consent, for approximately ninety (90) minutes and interrogated about why he

was in court. Plaintiff had not committed any crime and the detective investigators did not have probable cause to detain plaintiff for any reason, nor did they possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

36.     Upon information and belief, plaintiff was subjected to this false arrest by KCDA employees to further retaliate against him for making the complaints about their discriminatory conduct while he was an employee.

37.     Subsequently, on April 17, plaintiff received a letter from the New York County District Attorney's Office, where he was employed from 2010 – 2012, informing him that he was to refrain from contact with the New York County District Attorney's Office, including with his former colleagues, and that he was not to visit the office or request meetings with office personnel.

38.     Upon information and belief, employees and/or agents of KCDA, contacted the New York County District Attorney's Office and continued their campaign of disparate treatment and discrimination against plaintiff by making false allegations regarding plaintiff's productivity and the circumstances surrounding plaintiff's resignation.

39.     Thereafter, plaintiff was unable to secure any employment in New York. As such, plaintiff begrudgingly sought employment outside of New York and was eventually forced to relocate in order to become employed.

40.     As a proximate result of the defendants' unlawful acts Mr. Corrales sustained, *inter alia*, loss of liberty, mental anguish, shock, fright, apprehension, embarrassment, humiliation, pain and suffering, economic damages, and deprivation of

9

his civil and constitutional by the aforementioned parties.

## FEDERAL CLAIMS

**FIRST CLAIM FOR RELIEF**
**DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983**

41.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

42.     All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

43.     All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

44.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as detective investigators and/or employees of KCDA, with all the actual and/or apparent authority attendant thereto.

45.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as state actors, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the Kings County District Attorney's Office, all under the supervision of ranking members of said department.

46.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of

10

the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

47.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

48.     As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, illegally searched and confined, without any probable cause, privilege or consent.

49.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## PENDANT STATE CLAIMS

50.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

51.     On or about June 6, 2014, and within (90) days after the claim herein accrued, the plaintiffs duly served upon, presented to and filed with defendant THE CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50 (e).

11

52.     Defendant THE CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

53.     Defendant THE CITY OF NEW YORK demanded a hearing pursuant to General Municipal Law § 50-h and said hearing was held on August 7, 2014.

54.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

55.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

56.     This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

**THIRD CLAIM FOR RELIEF**
**FALSE ARREST**

57.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

58.     Defendant KCDA Detective Investigators arrested plaintiff in the absence of probable cause and without a warrant.

59.     As a result of the aforesaid conduct by defendants, plaintiff was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings.  The aforesaid actions by the defendants constituted a deprivation of plaintiff's rights.

### FOURTH CLAIM FOR RELIEF
### ASSAULT

60.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

61.     Defendants' aforementioned actions placed plaintiff in apprehension of imminent harmful and offensive bodily contact.

62.     As a result of defendants' conduct, plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### FIFTH CLAIM FOR RELIEF
### BATTERY

63.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

64.     Defendant KCDA Detective Investigators touched plaintiff in a harmful and offensive manner.

65.     Defendant KCDA Detective Investigators did so without privilege or consent from plaintiff.

66.     As a result of defendants' conduct, plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment and humiliation.

## SIXTH CLAIM FOR RELIEF
## <u>FALSE IMPRISONMENT</u>

67.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

68.     As a result of the foregoing, plaintiff was falsely imprisoned, his liberty was restricted for an extended period of time, he was put in fear for his safety, he was humiliated and he was subjected to physical restraint.

69.     Plaintiff was conscious of said confinement and did not consent to same.

70.     The confinement of plaintiff was without probable cause and was not otherwise privileged.

71.     As a result of the aforementioned conduct, plaintiff has suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

## SEVENTH CLAIM FOR RELIEF
## <u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>

72.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

73.     The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

74.     The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK and defendant KCDA.

75.     The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK and defendant KCDA.

76.     The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff.

77.     As a result of the aforementioned conduct, plaintiff suffered severe emotional distress, mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

**EIGHTH CLAIM FOR RELIEF**
**NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION**

78.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

79.     Defendant CITY OF NEW YORK and defendant KCDA selected, hired, trained, retained, assigned and supervised all members of its Police Department and the Department of Corrections, including the defendants individually named above.

80.     Defendant CITY OF NEW YORK and defendant KCDA was negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of its Police Department including the defendants individually named above.

81.     Due to the negligence of the defendants as set forth above, plaintiff suffered mental injury, pain and trauma, together with embarrassment, humiliation shock, fright, and loss of freedom.

82.     As a result of the foregoing, plaintiff is entitled to compensatory damages and is further entitled to punitive damages against the individual defendants.

**NINTH CLAIM FOR RELIEF**
**LIBEL**

83.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

84.     At all times hereinafter mentioned, plaintiff was engaged as an attorney practicing in the New York Metropolitan Area including New York City and around the State of New York.

85.     Upon information and belief, in or around March and/or April 2014, defendants wrote and thereafter transmitted a letter addressed to the Office of the District Attorney for the City of New York, County of New York, in which the defendants included certain false, defamatory, malicious and libelous statements about the plaintiff.

86.     Specifically, upon information and belief, that letter contained false statements regarding plaintiff's productivity, work performance, and the circumstances surrounding plaintiff's resignation.

87.     Upon information and belief, at the time of the transmission of the letter to the New York District Attorney's office, defendants were actuated by actual malice in that the defendant knew that the matters and statements contained therein concerning the plaintiffs so published, were false and untrue, or were published with reckless and wanton disregard of whether they were false and untrue.

88.     In transmitting the letter to the New York County District Attorney's Office, the defendants knowingly acted in such a way as to guarantee the most

16

widespread dissemination of the contents of that document throughout the offices of the New York County District Attorney's Office.

89.     As a result of the publication of his letter to at least the New York District Attorney, the acts of the defendants in connection therewith, the plaintiff has been held up to public contempt, ridicule, disgrace, and prejudice; has suffered great mental pain and anguish; and has been irreparably injured in his good name, business reputation, and social standing, and has lost the esteem and respect of his friends, acquaintances, business associates, other legal professionals, prospective employers, and of the public generally.

90.     Upon information and belief, defendants authored and disseminated this letter defaming the plaintiff maliciously and with the desire to cause injury and offense to plaintiff.

91.     As a result of the aforementioned conduct, plaintiff suffered severe emotional distress, mental injury, together with embarrassment, humiliation, shock, fright, and economic damages.

**TENTH CLAIM FOR RELIEF**
**SLANDER**

92.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

93.     Upon information and belief, in addition to and/or in the alternative to the foregoing written statements and dissemination of same, in or around March and/or April 2014, defendants verbally transmitted information to the Office of the District Attorney for the City of New York, County of New York, in which the defendants included certain false, defamatory, malicious and libelous statements about the plaintiff.

17

94.     Specifically, upon information and belief, the defendants verbally made false statements to the New York County District Attorney's Office regarding plaintiff's productivity, work performance, and the circumstances surrounding plaintiff's resignation.

95.     Upon information and belief, as with the written materials described *supra*, defendants knew that the statements they made to the New York County District Attorney's Office were false, defamatory, malicious, and slanderous and that they nonetheless made those statements with the full knowledge and intent that the New York County District Attorney's Office would rely on the same.

96.     Upon information and belief, in making these statements to the New York County District Attorney's Office, defendants were actuated by actual malice in that the defendants knew that the matters and statements contained therein concerning the plaintiff so stated, were false and untrue, and/or were made with reckless and wanton disregard of whether they were false and untrue.

97.     As a result of the statements defendants made to the New York County District Attorney's Office and the acts of the defendants in connection therewith, the plaintiff has been held up to public contempt, ridicule, disgrace, and prejudice; has suffered great mental pain and anguish; and has been irreparably injured in his good name, business reputation, and social standing, and has lost the esteem and respect of his friends, acquaintances, business associates, other legal professionals, prospective employers, and of the public generally.

98.     Upon information and belief, defendants have similarly repeated these slanderous statements and they have been disseminated to many other persons and

18

entities including other attorneys, law firms, government agencies, and law enforcement personnel, in each case with equal knowledge of the false nature of the statements.

99.     Upon information and belief, defendants stated and repeated these statements of defamatory and untrue allegations against the plaintiff maliciously and with the desire to cause injury and offense to plaintiff.

100.     As a result of the aforementioned conduct, plaintiff suffered severe emotional distress, mental injury, together with embarrassment, humiliation, shock, fright, and economic damages.

**ELEVENTH CLAIM FOR RELIEF**
**FAILURE TO PROVIDE REASONABLE ACCOMMODATION IN VIOLATION**
**OF NEW YORK STATE HUMAN RIGHTS LAW, EXECUTIVE LAW**
**§ 290 _et seq._**

101.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

102.     Mr. Corrales' physical impairment as described in this Complaint constitutes a disability within the meaning of the Human Rights Law. N.Y. Exec. L. § 292(21).

103.     The Human Rights Law provides, "it shall be an unlawful discriminatory practice for an employer…to refuse to provide reasonable accommodations to the known disabilities of an employee." N.Y. Exec. L. § 296(3)(a).

104.     Defendants willfully and intentionally violated Human Rights Law by failing to accommodate Mr. Corrales' known disability.

105.     As a proximate result of the defendants' unlawful acts, Mr. Corrales suffered injuries and damages including, but not limited to, pain and suffering, mental

anguish, and compensatory damages due to the violation of Mr. Corrales' Civil Rights by the aforementioned parties.

**TWELFTH CLAIM FOR RELIEF**
**FAILURE TO PROVIDE REASONABLE ACCOMMODATION IN VIOLATION**
**OF ADMINISTRATIVE CODE OF THE CITY OF NEW YORK**
**§ 8-101 *et seq.*)**

106. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

107. Mr. Corrales' physical impairment as described in this Complaint constitutes a disability within the meaning of City Law. N.Y.C. Admin. Code § 8-102(16).

108. Section 8-107(15)(a) of the City Law requires employers to "make [a] reasonable accommodation to enable a person with a disability to satisfy the essential requisites of a job or enjoy the right or rights in question provided that the disability is known or should have been known by the covered entity."

109. Defendants intentionally and willfully violated City Law Section 8-107, by failing to accommodate Mr. Corrales' disability.

110. As a proximate result of the defendants' unlawful acts Mr. Corrales suffered injuries and damages including, but not limited to, pain and suffering, mental anguish, and compensatory damages due to the violation of Mr. Corrales' Civil Rights by the aforementioned parties.

20

**THIRTEENTH CLAIM FOR RELIEF**
**RETALIATORY PERSONNEL ACTION IN VIOLATION OF THE**
**ADMINISTRATIVE CODE OF THE CITY OF NEW YORK § 8-107(7))**

111.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

112.   Mr. Corrales' physical impairment as described in this Complaint constitutes a disability within the meaning of City Law. N.Y.C. Admin. Code § 8-102(16).

113.   Section 8-107(7) of the City Law states that "It shall be an unlawful discriminatory practice for any person engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person because such person has (i) opposed any practice forbidden under this chapter, (ii) filed a complaint, testified or assisted in any proceeding under this chapter."

114.   Defendants intentionally and willfully violated City Law Section 8-107 by retaliating against Mr. Corrales.

115.   As a proximate result of the defendants' unlawful acts, Mr. Corrales suffered injuries and damages including, but not limited to, pain and suffering, mental anguish, and compensatory damages due to the violation of Mr. Corrales' Civil Rights by the aforementioned parties.

21

**FOURTEENTH CLAIM FOR RELIEF**
**RETALIATORY ACTION IN VIOLATION OF NEW YORK STATE HUMAN**
**RIGHTS LAW, EXECUTIVE LAW § 296(3-a)(c)**

116.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

117.    Mr. Corrales' physical impairment as described in this Complaint constitutes a disability within the meaning of Human Rights Law. N.Y. Exec. L. § 292(21).

118.    The Human Rights Law provides, "it shall be an unlawful discriminatory practice for an employer… to discharge or otherwise discriminate against any person because he or she has opposed any practices forbidden under this article or because he or she has filed a complaint, testified or assisted in any proceeding under this article." N.Y. Exec. L. § 296(3-a)(c).

119.    Defendants intentionally and willfully violated Human Rights Law when they retaliated against Mr. Corrales because of his disability.  N.Y. Exec. L. § 296.

120.    As a proximate result of defendants' unlawful acts of retaliation, Mr. Corrales suffered injuries and damages including, but not limited to, pain and suffering, mental anguish, and compensatory damages due to the violation of Mr. Corrales' Civil Rights by the aforementioned parties.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests the following relief jointly and severally against all of the defendants:

a.   an order awarding compensatory damages in an amount to be determined at trial;

22

b.  back pay, prejudgment interest, front pay and damages for all employment benefits he would have received but for the discriminatory and retaliatory acts and practices of Defendant;

c.  an order awarding punitive damages in an amount to be determined at trial;

d.  reasonable attorneys' fees, costs, and disbursements incurred in this action under 42 U.S.C. § 1988; and

e.  directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.


Dated: New York, New York
May 13, 2015

Respectfully submitted,

**COHEN & FITCH LLP**


By:  _____/S_____
Gerald Cohen, Esq.
Joshua Fitch, Esq.
Ilyssa Fuchs, Esq.
*Attorneys for Plaintiff*
233 Broadway, Suite 1800
New York, New York 10279
Phone: (212) 374-9115
Fax: (212) 406-2313

23