# COHEN & FITCH LLP

THE WOOLWORTH BUILDING
233 BROADWAY, SUITE 1800
NEW YORK, NY 10279
TEL: 212.374.9115
FAX:  212.406.2313

---

November 23, 2015

*By ECF*
Honorable James Orenstein
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Corrales v. City of New York, et al.*
              *15 CV 02797 (JG)(JO)*

Your Honor:

      I write now to request leave to withdraw as plaintiffs' counsel in the above captioned case under Local Civil Rule 1.4 and Rule 1.16(c) of New York's Rules of Professional Conduct. At this juncture, Cohen & Fitch LLP, feel that the attorney-client relationship has become too strained to carry forward effectively and in the best interests of the plaintiff.  As such, withdrawal has become the only viable and professionally acceptable option.

      This case was brought on plaintiffs' behalf under 42 U.S.C. § 1983 and was referred to Your Honor for pretrial discovery purposes. Eventually, during the course of discovery, a settlement conference was scheduled before Your Honor on September 24, 2015. Prior to the conference, plaintiff conveyed a demand to defendants and on September 24, 2015, all parties – including Mr. Corrales[1] – appeared before Your Honor for said settlement conference. At this conference, a settlement offer was conveyed by defense counsel and settlement negotiations began.  Ultimately plaintiff declined the initial offer made by defendants, but as Your Honor is aware, Mr. Corrales formally and personally communicated to this Court a specific responsive demand, which he unequivocally represented would resolve this matter.  However, at that time, the parties were unable to reach a settlement agreement.

      Shortly thereafter on September 30, 2015, defendants contacted the undersigned, indicating that they were willing to extend plaintiff an offer in the precise amount that he had communicated to Your Honor at the settlement conference.  Following a discussion with Mr. Corrales, he accepted the offer.  Immediately thereafter, Cohen & Fitch LLP communicated

---

[1] Mr. Corrales appeared telephonically for this conference.

plaintiff's acceptance to defense counsel who were to then obligated to draft the settlement paperwork for him to execute.  Neither the offer nor the acceptance contained any time limit or timeframe in which to provide the settlement paperwork, however, defendants repeatedly reiterated to Cohen & Fitch LLP that it would be sent "as soon as possible."

Despite this representation, defendants did not produce this paperwork expeditiously, and over the course of the next month, the undersigned repeatedly contacted defendants regarding their delay.  In response defendants finally provided the settlement paperwork on November 17, 2015 with an apology for its delay and a representation that efforts would be made to expedite payment of plaintiff's funds upon execution of the documents.  Upon receiving the paperwork, the undersigned immediately contacted Mr. Corrales to inform him that the paperwork had arrived, at which time Mr. Corrales stated that the offer was now "stale" and refused to sign the settlement paperwork.  As such, given that Mr. Corrales unequivocally agreed to settle this matter in the *exact* amount that he had previously confirmed with Your Honor and the undersigned has acted and made representations in accordance with that acceptance, Cohen & Fitch LLP cannot properly proceed in the course of action that Mr. Corrales now requests – namely, to rescind his previous acceptance and agreement and proceed forward with the litigation.

Specifically, not only does the agreed upon settlement represent a fair and reasonable resolution of this case, but Mr. Corrales had previously accepted these terms – indicating his willingness to do so in court before Your Honor – and never indicated any desire to rescind this agreement until the eleventh hour when the paperwork was finally received.  Further, Mr. Corrales' inexplicably refusal to execute the agreed upon documents due to an inconsequential delay, is that much more troubling.  Ultimately, these actions warrant only one conclusion for the undersigned – namely, that Mr. Corrales desires to proceed with a course of action that is antithetic to his interests in this matter and is willing to put counsel in an ethical quandary in order to do so.  Accordingly, the relationship between client and attorney has reached the point of no repair and withdrawal is necessary.

Based on the facts and circumstances described herein, it is well established that under circumstances such as these it is well within Your Honor's discretion to grant our withdrawal. See United States v. Lawrence Aviation Industries, No. 06 CV 4818, 2011 WL 601415, at *1 (E.D.N.Y. Feb. 11, 2011)("[T]he existence of an irreconcilable conflict between attorney and client is a proper basis for the attorney to cease representing his client.")(quoting Casper v. Lew Lieberbaum & Co., No. 97 Civ. 3016, 1999 WL 335334, at *5 (S.D.N.Y. May 26, 1999)); Munoz v. City of New York, No. 04 Civ. 1105, 2008 WL 2843804, at *1 (S.D.N.Y. July 15, 2008)("The law firm has shown good cause for withdrawal based on the lack of communication with the plaintiff and the acrimonious relationship that has developed between the law firm and the plaintiff.") Indeed, "strong evidence of a strained attorney-client relationship regardless of the source of the strain is sufficient grounds" for an attorney to withdraw. Diarama Trading Co. v. J. Walter Thompson U.S.A., Inc., No. 01 Civ. 2950, 2005 WL 1963945, at *1 (S.D.N.Y. Aug. 15, 2005); McGuire v. Wilson, 735 F.Supp. 83, 85 (S.D.N.Y.1990) (allowing attorney to withdraw because "relationship between the parties has deteriorated beyond repair" although fault for that deterioration was disputed); Benvenisti v. City of New York, No. 04 Civ. 3166, 2006 WL 44039, at *1 (S.D.N.Y. Jan. 6, 2006)("Although [the client] opposes the application to

withdraw it is clear that the attorney-client relationship has broken down, and that the attorney and client lack a certain amount of trust in each other. Under these conditions a termination of the relationship would be in the best interest of both.").

      Here, Mr. Corrales has created an inherent conflict of interests by his actions and affirmative representations/misrepresentations to the undersigned and to this Court. Accordingly, since the undersign cannot proceed in a manner that Mr. Corrales now desires, it is respectfully request Your Honor grant the present motion for withdrawal.

      Thank you for your consideration of this request.

                            Very truly yours,

                            _____/S_____
                            Gerald M. Cohen


cc:

    William Grey, Esq. (via ECF)
    Joanne McLaren, Esq. (via ECF)
    Assistant Corporation Counsel

    Plaintiff Jesus Corrales (via Electronic Mail)