UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JESUS CORRALES,

                      Plaintiff,

                    -against-

THE CITY OF NEW YORK, THE KINGS COUNTY
DISTRICT ATTORNEYS OFFICE, DETECTIVE
INVESTIGATORS "JOHN DOE" #1-5, Individually
and in their Official Capacity (the name John Doe being
fictitious, as the true names are presently unknown), and
KINGS COUNTY DISTRICT ATTORNEY EMPLOYEES
"JOHN DOE" #1-5, Individually and in their Official Capacity
(the name John Doe being fictitious, as the true names are
presently unknown),

                    Defendants.
-------------------------------------------------------------X

ORIGINAL

15 CV 2797 (JG)(JO)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JAN 11 2016 ★
BROOKLYN OFFICE

**PLAINTIFF'S PRO SE MEMORANDUM OF LAW IN SUPPORT OF
A MOTION FOR RECONSIDERATION OF MAGISTRATE JUDGE
ORENSTEIN'S ORDER GRANTING PLAINTIFF COUNSEL'S
MOTION TO WITHDRAW**

JESUS DANIE CORRALES
Pro Se Plaintiff
101 E. Dengar
Midland, T.X. 79705
(917) 834-2434
jdcorralesins@aol.com

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ..........................................................................................................1
INTRODUCTION..............................................................................................................................1
PROCEDURAL BACKGROUND.....................................................................................................3
ARGUMENT .....................................................................................................................................4
    A.    Withdrawal Is Not Warranted Under Local Rule 1.4......................................................4
        a) Withdrawal Would Cause Material Adverse Effects On The Parties
           And The Proceedings...............................................................................................4
        b) Withdrawal Would Cause Further Undue Delay.................................................5
        c) Counsel Seeks To Legitimize An Acrimonious Relationship Created With Artifice...5
        d) Plaintiff's Case Is Not Without Merit......................................................................6
        e) Counsel's Motion Is Without Good Cause Due To The Material Adverse
           Effect On Plaintiff....................................................................................................6
PRAYER FOR RELIEF......................................................................................................................7
CONCLUSION...................................................................................................................................7

## SUPPORTING PAPERS

<u>Exhibit A:</u> Emails between Gerald Cohen and Jesus Corrales

## PRELIMINARY STATEMENT

Jesus Danie Corrales, Plaintiff, respectfully submits this Memorandum of Law pursuant to Rule 72(a), in objection to Magistrate Judge Orenstein's order granting Cohen & Fitch, LLP's motion to withdraw as counsel in this matter. Pursuant to New York Disciplinary Rule 2-110(c)(1)(f), subject to D.R.2-110(A), permissive withdrawal is appropriate "if withdrawal can be accomplished without material adverse effect on the interest of the client, or if (1.) the client: F.) deliberately disregards an agreement or obligation to the lawyer as to expenses or fees." As such, withdrawal on the eve of trial would have material adverse effect on the interest of the client, and the client has not deliberately disregarded an agreement or obligation to the lawyer as to expenses or fees. Additionally, withdrawal would cause further undue delay.

## FACTUAL BACKGROUND

Plaintiff retained Cohen & Fitch, LLP on May 22, 2014 to investigate and prosecute potential claims against Plaintiff's former employer pertaining to false arrest, discrimination under the Americans with Disabilities Act, and defamation. While Plaintiff's retainer agreement contained a clause indicating that Cohen & Fitch, LLP retained the right to terminate the relationship for any reason, upon filing Plaintiff's claim with this court, Cohen & Fitch, LLP owed a fiduciary duty to the client, and the client had a justified reliance on Cohen & Fitch, LLP's representation of its client. An attorney "does not have an unfettered right to unilaterally withdraw," *Benefield v. City of New York*, 14 Misc 3d 603, 606 (Sup. Ct. Bronx Cty 2006).

Plaintiff's claim arises out of discriminatory action in the workplace during employment with the King's County District Attorney's Office (KCDA) and illegal seizure of his person and defamation thereafter in a public courtroom on the first floor of the arraignments part in the King's County Criminal Court in which plaintiff was no where near KCDA's ECAB bureau on the 4th floor of said courthouse.

After Plaintiff's resignation due to constructive termination in light of the intolerable workplace environment, Plaintiff sent various text messages to former colleagues in which Plaintiff was venting. Plaintiff also made numerous posts on Facebook which Cohen and Fitch, LLP have included in their motion to withdraw that do not specifically include any threats but allude to Plaintiff's service in the armed forces. The Supreme Court has held that "the crucial element separating legal innocence from wrongful conduct is the threatening nature of the communication, the mental state requirement must apply to the fact that the communication contains a threat." *Elonis v. United States*, 13-983 U.S. (2015). Plaintiff's Facebook posts clearly do not meet the level of wrongful conduct and did not provide KCDA detectives with reasonable suspicion to detain plaintiff. *See People v. De Bour*, 40 N.Y.2d 210 (1976).

On April 18, 2014, Plaintiff went to the Kings County Criminal Court arraignments part on the first floor to meet a former law school classmate to discuss job opportunities. The KCDA maintains offices on the 4th floor of that building. Plaintiff is unaware of any Assistant District Attorney in that courtroom making a complaint against him. Based on Cohen & Fitch LLP's motion to withdraw, an ADA informed the court officers who detained Plaintiff in a public courtroom and escorted Plaintiff to a back room designed to hold prisoners as there was a bench with chains which Plaintiff was instructed to sit upon while KCDA detectives arrived. Plaintiff was held for over ninety minutes while KCDA detectives stated to Plaintiff "we need to see if you trespassed in ECAB."

1

When Cohen & Fitch, LLP entered into an agreement with Plaintiff, Gerald Cohen, partner of said firm, explained that he had not litigated a discrimination claim and would have to investigate the strength of Plaintiff's claims. Contrary to Cohen & Fitch, LLP's contention that Plaintiff was advised from "day one" that the case was meritless. Additionally, Mr. Cohen discovered statements that Plaintiff made about being able to perform his job with or without an accommodation which are not dispositive. In a previous email in which Cohen & Fitch, LLP expressed concerns of frivolity on the eve of trial, Plaintiff stated that his statements were misconstrued and Plaintiff was not given an opportunity to put that statement into context. Plaintiff explained in said email that Plaintiff could perform the job requirements with or without an accommodation meaning Plaintiff could draft complaints and complete them but the illusory subjective temporal frame KCDA expected Plaintiff to complete said tasks within were what made Plaintiff seek an accommodation. Hence, Plaintiff could complete his duties with or without an accommodation given ample time; however, what KCDA considered a reasonable amount of time was subjective. Cohen & Fitch, LLP stated in their motion that this statement "killed" whatever claim Plaintiff had without allowing Plaintiff to elaborate as to what the context of the statement was.

On September 24, 2015 Cohen & Fitch appeared before Judge Orenstein for a settlement conference in which Plaintiff informed counsel that he would agree to accept $15,000 U.S.C. to settle the case. There was no oral agreement on the record or written agreement that day; however, Cohen & Fitch, LLP and the City of New York agreed to $15,000 U.S.C. out of court on September 30, 2015. More than 7 weeks, 50 days to be exact, passed before the general release and relevant paperwork were sent from the City to Cohen & Fitch, LLP on November 19, 2015. On November 23, 2015, Gerald Cohen and Joshua Fitch met with Plaintiff at the Woolworth Building in their conference room. Plaintiff responded that he would not accept the settlement at which time Cohen & Fitch, LLP, specifically, Gerald Cohen and Joshua Fitch provided Plaintiff with an ultimatum to accept the settlement or face abandonment of the case via a motion to withdraw as counsel because Cohen & Fitch, LLP refused to take the case to trial. Gerald Cohen observed that Plaintiff was recording the meeting and stated verbatim into the microphone: "I have no problem with you recording the conversation." After being threatened with abandonment of the case, I did instruct Gerald Cohen and Joshua Fitch that abandoning the case would result in a report to the Disciplinary Committee of the First Department of the Appellate Division because counsel wanted Plaintiff to accept the settlement agreement under duress. It was at this time that counsel determined the relationship was acrimonious so that counsel could possibly procure a judgment in their favor allowing them to withdraw. At no time prior to this meeting was there a verbal or written communication from counsel stating the relationship was acrimonious. On the contrary, counsel and Plaintiff exchanged numerous phone calls and emails without issue. After counsel stated he had no problem with Plaintiff recording the conversation, it is somewhat ironic that counsel states in their motion to withdraw that the recording was an issue and that no one in the firm would speak to Plaintiff. Moreover, Plaintiff understands that sharing such recording would destroy the attorney-client privilege, and Plaintiff has not and will not share said recording. Plaintiff recorded the conversation to preserve Plaintiff's rights when being browbeaten into accepting a settlement under duress or face abandonment.

The attorney-client relationship has not been strained as Judge Orenstein pointed out in his initial decision denying Cohen & Fitch, LLP's motion to withdraw. There has been extensive communication between Plaintiff and his attorneys, and Plaintiff articulated his confidence in Cohen & Fitch, LLP's ability to litigate the case. Only upon Plaintiff's decision not to accept the settlement, and on the eve of trial, has Cohen & Fitch, LLP positioned itself orally and memorialized in writing its contention that the case was frivolous and could not be litigated. Gerald Cohen previously stated in a phone call to Plaintiff that Cohen

& Fitch, LLP was not in the business of litigating loser cases and stated Plaintiff's case was a loser case and that Cohen & Fitch, LLP would not litigate said case because Cohen & Fitch, LLP was in the business of trying cases that made money and this case was a loser. Although Cohen & Fitch may consider the case a clunker on the eve of trial, courts have held that "questionable liability and limited damages" will never justify a tardy application to withdraw. *Benefield v. New York City*, 14 Misc 3d at 606 (2006). Furthermore, plaintiff is well within his rights not to agree to the settle and pursue a trial in light of "turning down a settlement offer – no matter how reasonable – may not qualify" for withdrawal either. *Welch v. Niagara Falls Gazette*, 2000 U.S. Dist. LEXIS 16982 (WDNY 2000)

## PROCEDURAL BACKGROUND

On or about November 23, 2015 Cohen & Fitch, LLP moved to withdraw as counsel for Plaintiff Jesus Corrales. Shortly thereafter Judge Orenstein scheduled a status conference, ordering all parties, including plaintiff, appear in person. At the conference, Judge Orenstein asked Plaintiff whether he would accept the settlement. Plaintiff stated that he would not but that he wanted Cohen & Fitch, LLP to honor their retainer agreement and continue to represent Plaintiff because Plaintiff's contention was and is that Cohen & Fitch, LLP are more than competent to try the case and that Plaintiff holds counsel in high regard for their successes thus far. Judge Orenstein denied the motion to withdraw as counsel due to the burden required to withdraw as counsel was not met.

On December 14, 2015, Cohen & Fitch, LLP filed an objection to Judge Orenstein's initial order denying the motion to withdraw and included supplemental information. Judge Gleeson informed Cohen & Fitch, LLP that the objection would be reviewed with the information that was submitted to Judge Orenstein during the initial motion and that any supplemental information should be submitted in a second motion to Judge Orenstein in the first instance.

On December 15, 2014, Cohen & Fitch, LLP filed a second motion to withdraw as Plaintiff's counsel with supplemental information that included uncorroborated allegations and one email from Plaintiff to Cohen & Fitch, LLP. In said email, Plaintiff concurred with Cohen & Fitch, LLP that no frivolous claims should be made, and Plaintiff was presented a conclusion that the case was frivolous without any explanation as to why. Counsel did present an argument pertaining to the weakness of the claims in his email stating the claims were frivolous, and although counsel may not be accustomed to having an attorney as a client, Plaintiff simply sought counsel's fleshing out of that conclusion. The only concrete difference between the first and second motion to withdraw submitted to Judge Orenstein is that Plaintiff sought to elicit an explanation from counsel as to frivolity of the claims, and Plaintiff provided counsel with his thoughts as to why he did not agree with counsel's conclusion. At no time did Plaintiff demand or command counsel to take a particular course of action contrary to counsel's judgment. Plaintiff merely provided his understanding of the issues so that counsel could clarify his conclusion.

On December 17, 2015, Judge Orenstein granted Cohen & Fitch, LLP's second motion to withdraw "in light of supplemental information." Judge Orenstein's order stayed discovery for 30 days while plaintiff seeks new counsel while Plaintiff is 1,900 miles away in Texas.

On December 17, 2015, Cohen & Fitch, LLP advised Plaintiff via email that he has one week from December 17, 2015 to amend Plaintiff's complaint since Cohen & Fitch, LLP did not meet the deadline in amending the complaint and asked for an extension from the City of New York that would be past the

3

decision of the motion to withdraw objection submitted to Judge Gleeson and second motion to withdraw submitted to Jude Orenstein.

## ARGUMENT

### A. Withdrawal Is Not Warranted Under Local Rule 1.4

Under Local Civil Rule 1.4, an attorney of record may be "relieved or displaced only by order of the court." "Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar." District courts are given considerable discretion in deciding whether the requesting party has proffered a sufficient reason to warrant withdrawal. *See Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999) ("District courts are due considerable deference in decision not to grant a motion for an attorney's withdrawal.") The New York Rules of Professional Conduct also authorize withdrawal if "withdrawal can be accomplished without material adverse effect on the interest of the client." N.Y. Rules of Prof. Conduct 1.16(b)(1).

#### (a) Withdrawal Would Cause Material Adverse Effects On The Parties and The Proceedings

Withdrawal creates significant burdens for Plaintiff and infringes upon the fiduciary duties that Cohen & Fitch, LLP owe to Plaintiff as his attorneys. Lawyers are generally expected to see each matter through to its conclusion. The Court may deny a motion to withdraw where "withdrawal cannot be accomplished without material adverse effect on the interests" of the parties to the litigation. *In re Albert*, 277 B.R. 38, 49-50(Bankr. S.D.N.Y. 2002) (denying motion to withdraw under the analogous SDNY Bankruptcy Court rules because the showing of non-payment of fees was insufficient and withdrawal had already adversely effected the opposing party by disrupting settlement discussions). Such adverse effects may exist where counsel's intention to withdraw has disrupted discovery proceedings where the parties intend to bring potentially dispositive motions in the near-term. *See id.* At 41, 49-50; *Rophaiel v. Alken Murray Corp.*, No. 94-9064, 1996 WL 306457, at *2 (S.D.N.Y. June 7, 1996) (motion to withdraw denied due to, among other things, undue prejudice caused to the opposing party by further delaying discovery).

As explained in detail above, counsel has used their attempted withdrawal as an excuse to bring discovery to a standstill and disrupt the proceedings, causing severe prejudice to Plaintiff. As just one example, counsel has attempted to hide the ball about how far along counsel was with discovery by avoiding discovery during counsel's attempts to withdraw. Though in their motion Cohen & Fitch, LLP vaguely refers to a lack or trust, irreconcilable differences straining the attorney-client relationship beyond repair, and an acrimonious relationship between Plaintiff and counsel, they do not attempt to explain with any specificity what those conflicts actually have been prior to Plaintiff not agreeing to settle, and counsel changing their position from representation to withdrawal. There has been no lack of cooperation from Plaintiff or lack of communication with counsel to support an *"irreconcilable conflict between attorney and client." Naguib v. Pub. Health Solutions*, 2014 WL 2002824, at *1 (E.D.N.Y. 2014)(emphasis added). Cohen & Fitch, LLP have not demonstrated satisfactory reasons to withdraw based on an acrimonious relationship between the law firm and the Plaintiff, save the artificial reasons

4

that counsel has created since Plaintiff did not agree to settle the case under duress and the threat of abandonment.

(b) <u>Withdrawal Would Cause Further Undue Delay</u>

The posture of the case also warrants denying Cohen & Fitch, LLPs motion to withdraw. The fact that the discovery deadline has already been extended twice and would need to be extended again is demonstrable of the undue delay. *See Rophaiel*, 1996 WL 306457, at *2 (withdrawal may not be used for improper purposes such as to intentionally delay a case). Moreover, counsel has not acknowledged that new counsel would need a significant extension of the discovery deadline and has refused to participate in discovery or amend the complaint until the withdrawal issue is resolved. Such delay needlessly prejudices Plaintiff who would need to spend significant sums of money travelling from Texas to New York to procure new counsel and would be a waste of considerable resources which Plaintiff has a limited supply of. Bringing in new counsel, if one can be procured at this point, would require all the parties to delay discovery again, and Plaintiff would incur significant additional fees attempting to procure new counsel and bring them up to speed.

Cohen & Fitch, LLP's attempt in its motion to blame Plaintiff for an acrimonious relationship misses the mark since counsel has changed its position from zealously representing its client in procuring a settlement to abandoning its client because Plaintiff would not accept the settlement offer after undue delay by the City of New York. Additionally, Plaintiff expects that new counsel would delay any efforts to proceed to trial in lieu of a settlement in light of the current situation Plaintiff finds himself in due to counsel's refusal to try a case that counsel only recently has considered to be of questionable liability and limited damages after its due diligence in the intake and screening process of accepting Plaintiff as a client.

(c) <u>Counsel Seeks To Legitimize An Acrimonious Relationship Created With Artifice</u>

"It is well-settled that a lawyer may seek to withdraw when the client renders it unreasonably difficult for the lawyer to carry out such employment effectively." *United States v. Lawrence Aviation Indus.*, No. 06-CV-4818 (JFB) (ARL), 2011 WL 601415, at *1 (E.D.N.Y. Feb. 11, 2011) (internal quotation marks and alterations omitted). Satisfactory reasons for withdrawal include "a client's lack of cooperation, including lack of communication with counsel, and the existence of irreconcilable conflict between attorney and client." *Naguib v. Pub. Health Solutions*, No. 12-CV-2561 (ENV)(LB), 2014 WL 2002824, at *1 (E.D.N.Y. May 15, 2014) (withdrawal motion granted where client refused to communicate and cooperate with counsel, including failing to appear for her deposition against counsel's advice); see also *Liang v. Lucky Plaza Rest.*, No. 12-CV-5077 (PAC)(GWG), 2014 WL 3575036, at *2 (S.D.N.Y. July 17, 2014)(counsel allowed to withdraw where client refused to cooperate in prosecution of his case); *Munoz v. City of New York*, No. 04-CV-1105(JGK), 2008 WL 2843804, at *1 (S.D.N.Y. July 15, 2008) (plaintiff's law firm demonstrated satisfactory reasons to withdraw "based on the lack of communication with the plaintiff and the acrimonious relationship that ha[d] developed between the law firm and the plaintiff"); *Fischer v. Biman Bangladesh Airlines*, No. 96-CV-3120 (SHS)(AJP), 1997 WL 411446, at *1 (S.D.N.Y. July 18, 1997)("[L]ack of cooperation by a client with its counsel, including lack of communication, is a sufficient reason for allowing withdrawal.").

Counsel should not be rewarded for attempting to create an acrimonious relationship when the

5

client was asserting his right to proceed to trial instead of agreeing to a settlement under duress and the threat of abandonment. Counsel stated that he had no problem with plaintiff recording the conversation in counsel's conference room, however counsel then contradicts himself by stating no one will communicate with the client as a result. If the recording created an acrimonious relationship and counsel was offended by the recording why did counsel state in the microphone of the recording device that he had "no problem with the recording." Contrary to Cohen & Fitch, LLP's argument in its motion there is no history of email correspondence rife with cross-allegations of untrustworthiness and dishonesty that demonstrates a breakdown in the attorney-client relationship.

Counsel brought to Judge Orenstein's attention on November 23, 2015 during the *ex parte* proceeding that Plaintiff notified counsel that he would report Cohen & Fitch, LLP to the disciplinary committee. Judge Orenstein stated that any client has the option to do so and a better screening of the case at intake would be a better measure to implement than trying to file a motion for withdrawal after counsel has filed suit with this Court. Whether the conversation is recorded or not, if counsel is performing as he should, the recording is immaterial. However, Plaintiff sees no need to record counsel during the remainder of the proceedings as it is clear that Plaintiff and counsel understand that all that Plaintiff desires is for counsel to represent Plaintiff as agreed when Plaintiff signed the retainer agreement. Plaintiff should not be subjected to a browbeating by his attorneys to accept a settlement that Plaintiff does not believe is in his best interest simply because counsel wanted to collect a contingency fee through the ease of settlement.

Cohen & Fitch, LLP's withdrawal due to an alleged acrimonious relationship that counsel has tried to create is viewed as abandonment by Plaintiff in light of the absence of a legitimate reason for granting a withdrawal. Cohen & Fitch, LLP's withdrawal will cause a high degree of material adverse effect for Plaintiff, and counsel has not made efforts to mitigate that harm. Cohen & Fitch, LLP has requested that defendants allow an extension to amend the complaint because counsel did not amend it on time and wishes for the extension to be granted after the motion to withdraw so that plaintiff can "do whatever (he) wants" after counsel has been relieved.

Counsel should not be allowed to make blanket accusations of acrimony, and unfounded accusations of impropriety since they are not legitimately supported in counsel's motion.

### (d) Plaintiff's Case Is Not Without Merit

Counsel admits that he has commenced with discovery. Thereafter, he contends that he discovered that the case was without merit and that he cannot present Plaintiff's case in good faith. Counsel possessed the same information that he possesses now during the settlement conference. During settlement negotiations, counsel had an opportunity to settle the case, collect counsel's contingency fee and made no objection to the merits of the case. In fact, counsel was quite bellicose in making the argument for a $15,000 settlement and made no mention to Plaintiff or Judge Orenstein that counsel could not proceed because the case was meritless. Only now that counsel does not want to litigate the case and take it to trial does counsel bring to the Court's attention that he cannot continue to prosecute a case that counsel believes is meritless. Counsel should not be rewarded for making an argument when it is convenient to counsel to abandon his fiduciary duty to his client and drop what counsel considers to be a loser case that is not financially sound to counsel.

### (e) Counsel's Motion Is Without Good Cause Due To The Material Adverse Effect On Plaintiff

6

"Notwithstanding the lack of good cause for the withdrawal of the Law Firm as plaintiff's counsel at this juncture, the court permitted the Law Firm to withdraw because of its demonstrated disinclination to further prosecution of plaintiff's case. It was the court's opinion that continued representation by the Law Firm would not be in [Plaintiff's] best interests." *See Merrero v. Christiano*, 575 F. Supp. 837 (S.D.N.Y. 1983).

Here, it would not be in Plaintiff's best interests to relieve counsel of their duty to Plaintiff because of the material adverse effect that it would have on Plaintiff on the eve of trial after discovery has commenced and the disinclination of counsel is attributed to finding a way out of a case counsel considers to be of questionable liability and limited damages. Counsel was content with settling the case and avoiding trial; however, now that Plaintiff desires to go to trial, counsel has made every effort to avoid taking a case to trial that counsel considers a clunker and not financially favorable in counsel's opinion. Furthermore, the trial calendar has already been delayed and Plaintiff would experience great difficulty procuring new counsel in time to amend the complaint within the time permitted (by December 23, 2015) in addition to the fact that Plaintiff currently resides in Texas and would have to endure substantial financial burdens to travel to New York to find counsel willing to take the case this far into the proceedings. As such, Plaintiff would not be better served without Cohen & Fitch, LLP as his counsel.

## CONCLUSION

Under the New York Code of Professional Responsibility, withdrawal of representation by an attorney "should be made only on the basis of compelling circumstances." Ethical Consideration of 2-32 of the New York Code of Professional Responsibility. DR-2 110(A)(1) of the N.Y. Code of Professional Responsibility. Plaintiff is hard pressed to find legitimate compelling circumstances, this Court should exercise its discretion to keep Plaintiff's counsel in the case. Plaintiff's current counsel is in the best position to prosecute the claims in this case. Finding new counsel (if plaintiff can somehow procure an attorney while in Texas before the deadline of December 23, 2015 to amend the complaint) would not only create a material adverse effect on Plaintiff but would require a significant amount of time to get up to speed and unnecessarily delay this case, which has already been placed on the calendar. Furthermore, counsel should not be rewarded for acting as though withdrawal were a *fait accompli*, which is exactly what they have done since informing Plaintiff of counsel's intention to withdraw on November 23, 2015 when Plaintiff would not accept a settlement under duress. Counsel has failed to do virtually anything with respect to day-to-day discovery while submitting two motions to withdraw to Magistrate Judge Orenstein and submitting an objection to Judge Gleeson with regard to Judge Orenstein's denial of the first motion to withdraw. Cohen & Fitch, LLP has refused to answer Plaintiff's questions regarding discovery until after counsel was relieved when Cohen & Fitch, LLP replied with an email that stated in its entirety "please be advised that we have been relieved as counsel. See the order below."

The harm caused to Plaintiff by withdrawal will be disproportionately greater than the harm to the client if Cohen & Fitch, LLPs representation continues. Plaintiff wishes to continue litigating this case with Cohen & Fitch, LLP as Plaintiff's counsel of record. Plaintiff has not failed to fulfill a substantial duty to Cohen & Fitch, LLP in any way, including but not limited to, maintaining amenable and continuous open communication to facilitate the prosecution of this case.

For the foregoing reasons, Cohen & Fitch, LLP's motion to withdraw as counsel of record for Jesus Corrales should be denied because withdrawal by counsel would cause material adverse effects on Plaintiff and unduly delay the proceedings.


Dated: Midland, Texas
      December 21, 2015

By: _____
Jesus Daniel Corrales
(jdcorralesms@aol.com)
101 E. Dengar
Midland, Texas 79701
(917) 834 2434


A complimentary copy of this motion has been sent via first class U.S. Postal Mail to:

Cohen & Fitch, LLP
The Woolworth Building
Att: Gerald Cohen & Joshua Fitch
233 Broadway, Suite 1800
New York, NY 10279